UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AKB Wireless, Inc., a
Florida Corporation,

    Plaintiff/Counter-Defendant,

v.                                                                              Case No. 14-13424

Wireless Toyz Franchise, LLC, a                            Hon. Sean F. Cox
Michigan Limited Liability Company,

    Defendant/Counter-Plaintiff/Third-Party Plaintiff,

v.

Alan Bahnam, an
Individual,

    Third-Party Defendant.
_____/

## OPINION & ORDER DENYING MOTIONS TO DISMISS
## FILED BY AKB AND BAHNAM

This action involves a failed franchisee / franchisor relationship. Third-Party Plaintiff Alan Bahnam ("Bahnam") is an individual who entered into a Franchise Agreement, and other agreements, with Defendant/Counter-Plaintiff Wireless Toyz Franchise, LLC ("Wireless Toyz"), so that he could open up a Wireless Toyz retail store in Florida. Bahnam later formed Plaintiff/Counter-Defendant AKB Wireless, Inc. ("AKB") and assigned all of the rights and obligations under the Franchise Agreement from Bahnam to AKB. Bahnam also executed a Guaranty, wherein he agreed to guaranty the payment of AKB's debts and the performance of its obligations.

Bahnam and AKB filed this action, asserting breach of contract and other claims against

1

Wireless Toyz.

Wireless Toyz then asserted a two-count Counter-Complaint against AKB and a two-count Third-Party Complaint against Bahnam. They contain the same two counts: 1) a declaratory judgment claim; and 2) a breach of contract claim.

The matter is currently before the Court on two Motions to Dismiss, brought under Fed. R. Civ. P. 12(b)(6), by AKB and Bahnam, wherein they ask the Court to dismiss both counts. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons below, the Court shall DENY both motions.

In both of the pending motions, AKB and Bahnam assert that Wireless Toyz fails to state a claim for declaratory judgment because "it has an adequate remedy at law." The Court rejects that argument because Fed. R. Civ. P. 57 expressly belies that argument, as it provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Because the Court may ultimately conclude that declaratory relief is not appropriate, however, the Court shall deny this portion of the motion without prejudice.

The remaining challenge is to the breach of contract counts asserted against AKB and Bahnam. The Court, however, concludes that Wireless Toyz has sufficiently pleaded a breach-of-contract cause of action against both AKB and Bahnam.

**BACKGROUND**

A.     **Procedural Background**

Bahnam is an individual who entered into a Franchise Agreement, and other agreements, with Wireless Toyz Franchise, LLC, so that he could open up a franchise retail store in Florida. He later formed AKB Wireless, Inc. and assigned all of the rights and obligations under the Franchise Agreement from Bahnam to AKB. Bahnam also executed a Guaranty, wherein he agreed to guaranty the payment of AKB's debts and the performance of its obligations.

This action was transferred to this Court on September 4, 2014, from the United States District Court for the Middle District of Florida.

AKB's First Amended Complaint (D.E. No. 2) asserts the following claims against Wireless Toyz: "Count I – Breach of Contract," "Count II – Violation of Michigan Franchise Investment Law," and "Count III – Breach of the Covenant of Good Faith and Fair Dealing."

Along with its Answer and Affirmative Defenses, on October 22, 2014, Wireless Toyz filed a "Counterclaim and Third-Party Complaint" asserting Counterclaims against AKB and Third-Party claims against Alan Bahnam. (D.E. No. 14). In Count I, it asserts "Declaratory Judgment Claims" against AKB and Bahnam. In Count II, Wireless Toyz asserts a "Breach of Contract" claim against AKB. In Count III, Wireless Toyz asserts a "Breach of Contract" claim against Bahnam.

Although it had already filed a pleading including third-party claims against Bahnam, on October 24, 2014, Wireless Toyz also filed a "Third-Party Complaint" on October 24, 2014 (D.E. No. 16) asserting "Declaratory Judgement Claims Against Alan Bahnam" in Count I and asserting a "Breach of Contract" claim against Bahnam in Count II.

Wireless Toyz's Third-Party Breach of Contract claim against Bahnam, as stated in its

Third-Party Complaint (D.E. N. 16), alleges that:

    145.    Bahnam executed the Guaranty.

    146.    Under the Guaranty, Bahnam agreed to be personally bound by, and personally liable for, the breach of each and every provision in AKB's Franchise Agreement.

    147.    AKB breached the Franchise Agreement by violating the non-competition and/or confidentiality provisions in the Franchise Agreement.

    148.    AKB breached the Franchise Agreement by failing to exercise its Lease renewal rights/options for the Approved Store Location beyond the initial five (5) year term of the Lease and by losing the rights to occupy the Approved Store Location for the additional five (5) years remaining under the Franchise Agreement.

    149.    Bahnam breached the Guaranty and/or the Franchise Agreement by violating the non-competition and/or confidentiality provisions in the Franchise Agreement.

    150.    Bahnam breached the Guaranty and/or the Franchise Agreement by failing to exercise the Lease renewal rights/options for the Approved Store Location beyond the five (5) year term of the lease and by losing the rights to occupy the Approved Store Location for the additional five (5) years remaining under the Franchise Agreement.

    151.    Wireless Toyz has suffered damages as a result of AKB's breaches of the Franchise Agreement and Bahnam's breaches of the Guaranty and/or the Franchise Agreement, including the liquidated damages provisions in the Franchise Agreement and including its rights to recover its attorney fees and costs under the Guaranty and/or the Franchise Agreement.

WHEREFORE, Wireless Toyz Franchise, LLC respectfully requests that this Honorable Court enter Judgment in its favor and against Alan Bahnam its liquidated damages, compensatory and consequential damages, lost profit damages and attorney fees and costs as provided in the Guaranty and/or the Franchise Agreement, and any other relief that this Honorable Court deems just and proper.

(D.E. 16 at Pg ID 418-420).

Wireless Toyz's Breach of Contract Counterclaim against AKB, included in its Answer,

Affirmative Defenses and Counterclaim (D.E. No. 14), alleges that:

> 145. AKB executed the Franchise Agreement.
>
> 146. AKB breached the Franchise Agreement by violating the non-competition and/or confidentiality provisions in the Franchise Agreement.
>
> 147. AKB breached the Franchise Agreement by failing to exercise its Lease renewal rights/options for the Approved Store Location beyond the initial five (5) year term of the lease and by losing the rights to occupy the Approved Store Location for the additional five (5) years remaining under the Franchise Agreement.
>
> 148. Wireless Toyz has suffered damages as a result of AKC Wireless' breaches of the Franchise Agreement, including the liquidated damages provisions in the Franchise Agreement and including its rights to recover its attorney fees and costs.
>
> WHEREFORE, Wireless Toyz Franchise, LLC respectfully requests that this Honorable Court enter judgment in its favor and against AKB Wireless, Inc. for its liquidated damages, compensatory and consequential damages, lost profit damages and attorney fees and cots as provided in the Franchise Agreement, and any other relief that his Honorable Court deems just and proper.

(D.E. No. 14 at Pg ID 195-96).

Wireless Toyz alleges that AKB and Bahnam breached the Franchise Agreement by, among other things, violating the non-competition and/or confidentiality provisions in the Franchise Agreement by virtue of Bahnam and his wife forming a business entity known as "Express Mobile Inc." or "Wireless Xpress, Inc" in November of 2012, for the purpose of operating a "Cell Phone Store" and thereafter operating a competing wireless business. (D.E. No. 16 at Pg ID 403; D.E. No. 14 at 179).

Currently pending before the Court are two Motions to Dismiss filed by AKB and Bahnam: 1) AKB's Motion to Dismiss Wireless Toyz's Counterclaims (D.E. No. 21); and 2) Bahnam's Amended Motion to Dismiss Wireless Toyz's Third-Party Claims against him (D.E.

5

No. 23). Both motions are brought pursuant to Fed. R. Civ. P. 12(b)(6).

**B.     Standard of Decision**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In adjudicating a motion to dismiss under Fed.R.Civ.P. 12(b) (6), the Court generally does not consider matters outside the pleadings. Nevertheless, Fed.R.Civ.P. 10(c) provides that a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed.R.Civ.P. 10(c).

In this case, the exhibits to the parties' pleadings include a Franchise Agreement, a Guaranty, and a Consent to Transfer Agreement. This Court may consider these documents in determining whether Wireless Toyz has failed to state a claim against AKB and Bahnam upon which relief can be granted. *Id.*; *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-336 (6th Cir. 2007).

**C.     Relevant Portions of the Franchise Agreement And Guaranty**

On or about July 3, 2007, Bahnam, "on behalf of an entity to be formed ('the Franchise Operator')" and Wireless Toyz Franchise LLC entered into a written Franchise Agreement. (D.E. No. 28-2). That Franchise Agreement contains the following provision that is relevant for

purposes of the pending motions.

Section 16 of the Franchise Agreement, titled "COVENANTS," contains covenants regarding non-competition and confidentiality.  (D.E. No. 28-3 at Pg ID 1278).

Section 16 provides, in pertinent part, that "*During the term of this Agreement*," the "Franchise Operator, its owners and their immediate family members shall not, without the prior written consent of Wireless Toyz, directly or indirectly" "(i) engage in any activity in competition with the System, including but not limited to involvement, whether as an owner, officer, director, employee, lender or otherwise, of any business that is involved, in whole or in part, in the sale or service of wireless telephone services, satellite television systems or similar items other than at a Store licensed to Franchise Operator by Wireless Toyz."  (*Id.*) (emphasis added).

Section 16 also contains non-competition and confidentiality covenants that come into play upon termination or expiration of the Franchise Agreement.  (*Id.*)

On or about July 3, 2007, Bahnam executed a written Guaranty (D.E. No. 23-3 at Pg ID 1340), wherein he agreed to "guaranty the payment of any and all amounts, and the performance of any and all other actions, which Franchise Operator is or may become liable to pay or perform under the Franchise Agreement or for goods or services provided by Wireless Toyz or its affiliates or for any other obligations of Franchise Operator to Wireless Toyz."  (*Id.*).

On or about March 4, 2008, Bahnam and Wireless Toyz Franchise, LLC executed a Consent To Transfer Agreement (D.E. No. 28-3 at Pg ID 1334).  Under the Consent to Transfer Agreement, the parties agreed to assign and transfer all of the rights and obligations under the Franchise Agreement from Bahnam to AKB.

# ANALYSIS

### I. The Court Rejects AKB And Bahnam's Challenges To The Declaratory Judgment Claims Asserted Against Them But Shall Deny These Portions Of The Motions Without Prejudice

In both of the pending motions, AKB and Bahnam assert that Wireless Toyz fails to state a claim for declaratory judgment because "it has an adequate remedy at law." (D.E. No. 21 at Pg ID 632; D.E. No. 23 at Pg ID 696). In both of the motions, AKB and Bahnam make the same one-paragraph challenge, that relies on a single unpublished decision from the Western District of Michigan, *Cromer v. Braman*, 2008 WL 907468 (W.D. Mich. 2008). Notably, that unpublished decision was an order wherein the district court adopted a report and recommendation from a magistrate judge in a *pro se* prisoner civil rights case – a very thin reed to rely on.

Moreover, this Court fails to see how the case would support AKB and Bahnam's position in any event because it involves an entirely different context. In *Cromer*, the district court stated:

> Despite her lack of absolute immunity from a claim for declaratory relief, however, Defendant Harris-Spicer is entitled to summary judgment. To receive declaratory relief Plaintiff must establish, among other elements, the absence of an adequate remedy at law. *See Ruip v. Commonwealth of Kentucky*, 400 F.2d 871, 872 (6th Cir. 1968) (holding that an action for declaratory judgment "cannot be used as a substitute for appeal"). He fails to do this. Defendant Harris-Spicer issued an administrative decision, and Plaintiff's adequate remedy at law was to appeal that decision. Accordingly, declaratory relief is unavailable to Plaintiff with respect to his claims against Harris-Spicer.

*Cromer, supra*, at * 4. The only authority cited by the district court was a Sixth Circuit case stating that an action for declaratory judgment cannot be a substitute for an appeal. The Court, therefore, finds reliance on this case entirely misplaced.

And most significantly, the express language of Rule 57 of the Federal Rules of Civil Procedure belies AKB and Bahnam's argument:

> Rule 57. Declaratory Judgment
>
> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial. *The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.* The court may order a speedy hearing of a declaratory judgment action.

Fed. R. Civ. P. 57 (emphasis added).

The Court rejects AKB and Bahnam's argument. But the Court shall deny these portions of the motions without prejudice.

As Wireless Toyz acknowledges in its brief, the granting of a declaratory judgment rests in the sound discretion of the district court. *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984). Given that both sides of the dispute have breach of contract claims in this action, at some point this Court may determine that declaratory relief is not appropriate in this action. *See* 10 Fed. Proc., L. Ed. § 23;19, *Availability of declaratory judgment notwithstanding existence of alternative remedy* (noting that "even though the availability of alternative remedies is not a bar to declaratory relief, the trial court may in its discretion refuse relief if the alternative remedy is more appropriate."). Accordingly, the Court denies these portions of the motions without prejudice.

## II. Wireless Toyz Has Sufficiently Pleaded A Breach Of Contract Cause Of Action Against Both AKB And Bahnam.

AKB's Motion to Dismiss Wireless Toyz's Counterclaims asserts that Count II of Wireless Toyz's October 22, 2014 Counterclaim against AKB fails to state a cause of action for breach of contract. (D.E. No. 21 at Pg ID 606).

Similarly, Bahnam's Amended Motion to Dismiss Wireless Toyz's October 24, 2014 Third-Party Complaint against him asserts that Count II of Wireless Toyz's Third-Party Complaint against Bahnam fails to state cause of action for breach of contract. (D.E. No. 23 at Pg ID 670).

"To recover for breach of contract under Michigan law, a plaintiff must allege: (1) the existence of a contract; (2) the terms of the contract; (3) that the defendants breached the contract; and (4) that breach caused the plaintiff's injury." *Derbabian v. Bank of America, N.A.*, 587 F. App'x 949, 953 (6th Cir. 2014) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)).

In the pending motions, AKB and Bahnam do not assert that Wireless Toyz has failed to allege an essential element of a breach of contract claim. Rather, AKB and Bahnam assert that their alleged conduct cannot constitute a breach of the Franchise Agreement.

Wireless Toyz alleges that AKB and Bahnam breached the Franchise Agreement by, among other things, violating the non-competition and/or confidentiality provisions in the Franchise Agreement by virtue of Bahnam and his wife forming a business entity known as "Express Mobile Inc." or "Wireless Xpress, Inc" in November of 2012, for the purpose of operating a "Cell Phone Store" and thereafter operating a competing wireless business. (D.E. No. 16 at Pg ID 403; D.E. No. 14 at 179).

In their motions, AKB and Bahnam assert that the non-competition and confidentiality covenants in Section 16 of the Franchise agreement only apply upon the termination or expiration of the Franchise agreement. They then take the position that none of those events occurred and, therefore, they cannot be bound by the non-compete provisions. (D.E. No. 21 Pg

ID 624-25; D.E. No. 23 at Pg ID 689).

But as Wireless Toyz notes in their response briefs, Section 16 also provides that "*During the term of this Agreement*," the "Franchise Operator, its owners and their immediate family members shall not, without the prior written consent of Wireless Toyz, directly or indirectly" "(i) engage in any activity in competition with the System, including but not limited to involvement, whether as an owner, officer, director, employee, lender or otherwise, of any business that is involved, in whole or in part, in the sale or service of wireless telephone services, satellite television systems or similar items other than at a Store licensed to Franchise Operator by Wireless Toyz." (*Id.*) (emphasis added).

Accordingly, Wireless Toyz has sufficiently pleaded a breach of contract cause of action against AKB and Bahnam. Whether Wireless Toyz can *ultimately prevail* on such a claim, is not properly before this Court on a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). As Wireless Toyz's brief notes, AKB and Bahnam's motions make a litany of arguments as to why they believe Wireless Toyz will not be able to prevail on its claims. (*See* D.E. No. 27 at Pg ID 1016) ("AKB's disingenuous arguments do not actually constitute challenges to Wireless Toyz's well-pleaded allegations, but, rather, at best, merely comprise affirmative defenses and factual and legal disputes for trial.").

In Bahnam's Reply Brief, he asserts that "even if this Court permits W[ireless] to assert a breach of contract claim based on the intra-term non-compete, W[ireless] should not be permitted to bring any of its other breach of contract claims." (D.E. No. 32). In other words, even if the Court concludes that Wireless has sufficiently pleaded a breach of contract claim against AKB and Bahnam based upon the allegations that they violated the non-compete

covenants, they believe this Court should nevertheless go on to analyze their arguments as to any additional alleged breaches.

The Court disagrees and concludes that this argument misunderstands the nature of a Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal where the complaint fails to state a claim upon which relief can be granted. Dismissal is appropriate if the plaintiff fails to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Nothing in *Twombly*, however, contemplates [such a] 'dismemberment' approach to assessing the sufficiency of a complaint. Rather, a district court must consider a complaint in its entirety without isolating each allegation for individualized review." *In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F.Supp.2d 363, 373 (M.D. Penn. 2008). As the Supreme Court observed in *Twombly*, "the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Twombly*, 127 S.Ct. at 1973 n.14.

Wireless asserted a single "Breach of Contract" count against both AKB and Bahnam, that alleges that they breached the Franchise Agreement in more than one way. As set forth above, Wireless Toyz has sufficiently pleaded a breach of contract cause of action against AKB and Bahnam based upon the alleged violations of the non-compete covenants. As such, Wireless Toyz has sufficiently pleaded a breach of contract cause of action against both AKB and Bahnam. Accordingly, AKB is not entitled to dismissal of Count II of Wireless Toyz's October 22, 2014 Counterclaim against it and Bahnam is not entitled to dismissal of Count II of Wireless Toyz's Third-Party Complaint against him.

There is no need for the Court to further address AKB and Bahnam's arguments as to other alleged breaches because, even if they had merit, Wireless Toyz has still sufficiently pleaded a breach of contract cause of action against both AKB and Bahnam. It would not be appropriate for the Court – at the pleading stage – to go on to evaluate the litany of arguments and defenses raised in AKB and Bahnam's motions. Such arguments are more appropriate for the summary judgment stage of the litigation.

## CONCLUSION & ORDER

For the reasons set forth above, the Motions to Dismiss filed by AKB and Bahnam are DENIED. Those portions of the motions that pertain to the declaratory judgments counts, however, are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

        S/Sean F. Cox  
        Sean F. Cox  
        United States District Judge

Dated: April 13, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2015, by electronic and/or ordinary mail.

        S/Jennifer McCoy  
        Case Manager